**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 2:01 pm, Jun 12, 2019*

| | |
|---|---|
| FRANCISCO SUAREZ, | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-65 |
| v. | |
| WARDEN EDGE; and ERIN CHALFANT, | |
| Defendants. | |

### <u>ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Plaintiff, currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina, filed his 42 U.S.C. § 1983 Complaint while incarcerated at the Federal Correctional Institution in Jesup, Georgia, alleging Defendants retaliated against him in response to legal actions.  Doc. 1.  For the reasons which follow, I find that Plaintiff states a non-frivolous claim for retaliation against Defendant Chalfant.  I **ORDER** Plaintiff to execute service of his Complaint and this Order on this Defendant within 90 days of the date of this Order.  Failure to effectuate service will result in the dismissal of Plaintiff's action for failure to prosecute.  To the extent Plaintiff's Complaint is intended as a Motion for Emergency Injunction, I **RECOMMEND** the Court **DENY** that Motion.  Doc. 1.  I **GRANT** Plaintiff's Motion to Correct Heading, construed as a Motion to Amend.  Doc. 8.  I **DIRECT** the Clerk of Court to add Wendy N. Howell and Brandom Reynolds as Defendants upon the record and docket in this case.  However, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Howell, Reynolds, and Edge and **DENY as moot** Plaintiff's claim for injunctive relief.  I **DIRECT** the Clerk of Court to include sufficient copies of the requisite service forms

and a copy of Rule 4 of the Federal Rules of Civil Procedure along with Plaintiff's service copy of this Order.

## BACKGROUND

In the caption of Plaintiff's Complaint, Plaintiff names Warden Edge and C.M.C. Erin Chalfant as Defendants.   Plaintiff alleges that Case Manager Coordinator Chalfant "seized him and placed him in [administrative segregation] and is acting to have him moved to a different institution so as to interfere with the Administrative remedies complaint and process, and in retaliation for having filed complaint against her."   Doc. 1 at 1.   Plaintiff further alleges that the retaliation is also in response to his actions in another legal proceeding in which he is "seeking to legally obtain freedom from his incarceration[]" and is meant to harm him by moving him further from his family located in southern Florida.   Id. at 2.   Plaintiff makes no mention of Warden Edge in the body of his Complaint but does allege in a footnote that "[i]t is the standard practice of the Administration of this institution to [retaliate against inmates who file grievances.]"   Id. at 3 n.1.   Plaintiff requests the Court issue an emergency injunction "against being transferred to some other institution and to be realized [sic] from segregative [sic] confinement."   Id. at 3.   However, Plaintiff was subsequently transferred to another institution, where he currently is incarcerated.   Doc. 6.   After filing his Complaint, Plaintiff paid the full filing fee, and his Complaint is now ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.   Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which

relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

Whether a complaint fails to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6).   Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).   Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.   Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.   Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).   However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.   McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.   Retaliation Claim

It is well-settled that "[p]rison officials may not retaliate against inmates for filing lawsuits or administrative grievances."   Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008).   Such retaliation implicates both an inmate's right of access to courts and an

inmate's First Amendment freedom of speech.   Wildberger v. Bracknell, 869 F.2d 1467, 1468

(11th Cir. 1989).   Retaliation, in and of itself, is a constitutional violation.   Thomas v. Evans,

880 F.2d 1235, 1242 (11th Cir. 1989).   Therefore, though prisoners have no free-standing right

to remain at a particular facility, prison officials violate an inmate's constitutional rights when

they order an inmate transferred in retaliation for the inmate's speech.   Bridges v. Russell, 757

F.2d 1155, 1156 (11th Cir. 1985).

To successfully state a retaliation claim, a plaintiff must allege three elements: (1) his

speech was constitutionally protected; (2) the defendant's retaliation adversely affected the

protected speech; and (3) a causal connection between the retaliation and the adverse effect on

the speech.   Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).   Plaintiff's allegations in

his Complaint satisfy these requirements.

As to the first element, Plaintiff's alleged filing of a grievance is clearly constitutionally

protected speech.   Id.   As to the second element, the Eleventh Circuit has explained that

retaliation adversely affects protected speech if the retaliation "would likely deter a person of

ordinary firmness from the exercise of First Amendment rights."   Bennett v. Hendrix, 423 F.3d

1247, 1253 (11th Cir. 2005).   The retaliation need not actually have deterred Plaintiff; it need

only be sufficiently harsh to deter an ordinary person.   Id. at 1254.   Here, Plaintiff alleges that

Defendant Chalfant both placed him in segregated confinement and was deliberately acting to

distance him from his family.   These actions would be sufficient to deter an ordinary individual

from filing grievances.   Grady v. Daniels, Case No. 2:14-cv-991, 2017 WL 3392533 at *10

(N.D. Ala. June 20, 2017) (holding that a transfer to another institution and a resulting removal

from school was sufficient to deter a person of ordinary firmness from exercising his right to free

speech).   As to the final element, Plaintiff specifically stated that he "has not committed any act

warranting disciplinary action" and that the only motivation for Defendant Chalfant's actions was to retaliate against him for engaging in protected speech.   Doc. 1 at 2.   Plaintiff has sufficiently alleged that his speech caused Defendant Chalfant to retaliate against him. Accordingly, I find Plaintiff has stated a non-frivolous retaliation claim against Defendant Chalfant.

Turning to the second Defendant Plaintiff listed in the caption of his Complaint, Plaintiff makes no explicit mention of Warden Edge in the body of his Complaint.   Thus, he fails to allege a claim against Edge.   Supervisory officials, such as a warden, cannot be held liable solely under a theory of respondeat superior.   Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009).   Because Plaintiff makes no reference to Warden Edge in his Complaint, it appears that he is attempting to state a claim against the Warden based solely on his supervisory position. This is impermissible, and I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Warden Edge.

## II.    Relief Requested

Plaintiff's initially styled his Complaint as a Motion for Emergency Injunction and requests the Court grant him an "emergency injunction against being transferred to some other institution and to be released [from segregated confinement]."   Doc. 1 at 3.   However, emergency injunctions are extraordinary measures, and Plaintiff is not entitled to this relief for two reasons.

First, Plaintiff fails to meet the substantive standard required for a preliminary injunction. This standard is exacting and requires a plaintiff to prove four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction

may cause the defendant; and (4) that granting the injunction would not disserve the public interest.   Nnadi v. Richter, 976 F.2d 682, 690 (11th Cir. 1992).   Looking to the first element, Plaintiff has not shown that he is substantially likely to prevail on his claim.   Plaintiff's claim against one Defendant is non-frivolous, but it is not clear from the record before the Court that Defendant in fact violated Plaintiff's constitutional rights.   The Court has heard no evidence from Defendant and is, therefore, unable to make such a sweeping determination as to the merits of Plaintiff's case.   Because Plaintiff has not satisfied this first element, he is not entitled to a preliminary injunction.

Even if Plaintiff met the requirements for an injunction at the time he filed his Complaint, his claim to that relief is now moot.   Plaintiff requested the Court to enjoin Defendants from transferring him to another institution and release him from administrative segregation, but that transfer has since occurred, and Defendants no longer hold Plaintiff in any capacity.   Doc. 6.   It is a longstanding rule in this Circuit that a transfer moots an inmate's claims to declaratory and injunctive relief.   Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986).   Plaintiff is not entitled to the sole relief he requested.   To the extent that Plaintiff's Complaint is intended as a Motion for an Emergency Injunction, I **RECOMMEND** the Court **DENY as moot** Plaintiff's claim for injunctive relief.

However, the Court is required to liberally construe a pro se party's pleadings.   To this end, the Court construes Plaintiff's Complaint as requesting nominal damages and allows Plaintiff to proceed in this case as to those damages.   Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009) (instructing the district court to consider nominal damages when Plaintiff was otherwise not entitled to any requested relief).

6

### III.    Motion to Correct Heading (Defendants Howell and Reynolds), Doc. 8

In Plaintiff's Motion to Correct Heading, which the Court construes as a Motion to Amend, Plaintiff indicates he intended to name two additional individuals, Wendy N. Howell and Brandom Reynolds, in his Complaint.[1]  Doc. 8 at 1.   Plaintiff requests that the Court include Howell and Reynolds named Defendants.[2]  Id.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend a complaint once as a matter of right within 21 days after serving it.   Service has not yet occurred in this case, so the Court must grant Plaintiff leave to amend.   The Eleventh Circuit has held that this is true even where, as here, allowing Plaintiff to amend would be futile.   Toenniges v. Ga. Dep't of Corr., 502 Fed. App'x 888, 890 (11th Cir. 2012).

However, granting a prisoner-plaintiff leave to amend does not abrogate the Court's obligation under 28 U.S.C. § 1915A to screen that Complaint.   Plaintiff makes no mention of Howell or Reynolds in his Complaint and provides no explanation in any submission to the Court of their role in this case or participation in the alleged events.   Plaintiff, therefore, cannot sustain any claims against Howell or Reynolds.   Accordingly, the Court **GRANTS** Plaintiff's Motion to Correct Heading, which the Court construes as a Motion to Amend, and **DIRECTS** the Clerk of Court to add Wendy N. Howell and Brandom Reynolds as Defendants in this case.

---

[1]     "Courts generally 'must look beyond the labels of [filings] by *pro se* [inmates] to interpret them under whatever statute would provide relief.'"   Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (citing Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original), and Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning pro se inmates)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611–12 (11th Cir. 2015)).

[2]     Plaintiff states that Howell and Reynolds were named in the original Complaint.   Doc. 8. However, it does not appear Howell or Reynolds were identified in the original Complaint or any of the materials that accompanied that filing.   Doc. 1.

However, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Howell and Reynolds because Plaintiff fails to state any claim against them.

<u>**INSTRUCTIONS TO PLAINTIFF**</u>

Plaintiff has paid the $400.00 filing fee in the above-captioned case.   Because he is proceeding pro se, the Court will provide Plaintiff with some basic instructions regarding the development and progression of this case.

Initially, Plaintiff is responsible for serving Defendant.   To serve an individual subject to service under Federal Rule of Civil Procedure 4(e), Plaintiff must first obtain from the Clerk of Court an appropriate number of copies of: (1) the notice of lawsuit and request for waiver of service of summons form; and (2) the waiver of service of summons form.[3]   Thereafter, he must complete a notice of lawsuit and request for waiver of service of summons form for each Defendant, and he must then mail said form by first class mail along with the original complaint and a blank waiver of service of summons form to each Defendant named in this action requesting that he or she waive formal service of the summons.   Fed. R. Civ. P. 4(d). Generally, a Defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date Plaintiff mails the request for waiver.   Fed. R. Civ. P. 4(d)(3). Individual and corporate defendants have a duty to avoid unnecessary costs of service, and any Defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.   Fed. R. Civ. P. 4(d)(2).   However, should a Defendant choose not to waive formal service of the summons,

---

[3]     Because Plaintiff is a pro se prisoner, the Court **DIRECTS** the Clerk to include sufficient copies of the requisite forms and a copy of Rule 4 of the Federal Rules of Civil Procedure along with Plaintiff's service copy of this Order.

Plaintiff is still responsible for properly effecting service of the summons and complaint.   Fed. R. Civ. P. 4(c)(1).

Plaintiff is **HEREBY NOTIFIED** that he has **90 days** from the date of this Order to serve Defendant.   Fed. R. Civ. P. 4(m).   Failure to serve a Defendant may result in that Defendant's dismissal from this lawsuit.   Id.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or her counsel.   Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."   Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.   Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.   For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq.*   The discovery period in this case will expire 140 days after the filing of the last answer.   Local R. 26.1.   Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.   Id.   Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in

connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.   Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.   <u>See</u> Fed. R. Civ. P. 33.   Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.   Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).   If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.   If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.   Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.   If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.   Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any

question which seeks information relevant to the subject matter of the pending action.   Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order.   A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both.   Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.   "Failure to respond shall indicate that there is no opposition to a motion."   Local R. 7.5.   Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion.   Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.   Local R. 7.5, 56.1.   The failure to respond to such a motion shall indicate that there is no opposition to the motion.   Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.   Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any

material fact in this case.   That burden cannot be carried by reliance on the conclusory

allegations contained within the complaint.   Should Defendant's motion for summary judgment

be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest

Defendant's statement of the facts.   Should Plaintiff fail to file opposing affidavits setting forth

specific facts showing that there is a genuine dispute for trial, any factual assertions made in

Defendant's affidavits will be accepted as true and summary judgment may be entered against

Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## CONCLUSION

For the foregoing reasons, I find that Plaintiff states a non-frivolous claim for retaliation

against Defendant Chalfant.   I **ORDER** Plaintiff to execute service of his Complaint and this

Order on this Defendant within 90 days of the date of this Order.   Failure to effectuate service

will result in the dismissal of Plaintiff's action for failure to prosecute.   To the extent Plaintiff's

Complaint is intended as a Motion for Emergency Injunction, I **RECOMMEND** the Court

**DENY** that Motion.   Doc. 1.   I **GRANT** Plaintiff's Motion to Correct Heading, construed as a

Motion to Amend.   Doc. 8.   I **DIRECT** the Clerk of Court to add Wendy N. Howell and

Brandom Reynolds as Defendants in this case.   However, I **RECOMMEND** the Court

**DISMISS** Plaintiff's claims against Defendants Howell and Reynolds and Edge and **DENY as**

**moot** Plaintiff's claim for injunctive relief.   I **DIRECT** the Clerk to include sufficient copies of

the requisite service forms and a copy of Rule 4 of the Federal Rules of Civil Procedure along

with Plaintiff's service copy of this Order.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to

file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to

address any contention raised in the Complaint must also be included.   Failure to do so will bar

any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.

See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections

must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections

not meeting the specificity requirement set out above will not be considered by a District Judge.

A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.   The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of June,

2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA